**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

COLONIAL DODGE, INCORPORATED, a
Maryland corporation; WHEATON
DODGE CITY, INCORPORATED, a
Maryland corporation; LAKE FOREST
CHRYSLER PLYMOUTH, INCORPORATED,
a Maryland corporation; FITZGERALD
AUTO MALL, INCORPORATED, d/b/a

Fitzgerald Dodge,
Plaintiffs-Appellants,

v.

CHRYSLER CORPORATION, a Delaware
corporation,
Defendant-Appellee.

No. 97-1024

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-95-562-CCB)

Argued: July 9, 1997

Decided: August 5, 1997

Before WILKINS, HAMILTON, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Walter Eugene Forehand, MYERS, FOREHAND &
FULLER, Tallahassee, Florida, for Appellants. Robert Donald Cul-

tice, Jr., GOLDSTEIN & MANELLO, P.C., Boston, Massachusetts, for Appellee. **ON BRIEF:** Daniel E. Myers, Loula M. Fuller, MYERS, FOREHAND & FULLER, Tallahassee, Florida, for Appellants. Louis J. Scerra, Jr., Jonathan D. Cohen, GOLDSTEIN & MANELLO, P.C., Boston, Massachusetts; Ty Cobb, Douglas R. M. Nazarian, HOGAN & HARTSON, Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On February 27, 1995, Plaintiffs/Appellants, Colonial Dodge, Inc., Wheaton Dodge City, Inc., Lake Forest Chrysler Plymouth, Inc., and Fitzgerald Dodge (the Dealers) filed a complaint in the United States District Court for the District of Maryland against Chrysler Corporation. Each of the seven counts in the Dealers' complaint was based on Chrysler's alleged unfair distribution (malallocation) of vehicles in violation of the Automobile Dealers' Day In Court Act (ADDCA), see 15 U.S.C.A. §§ 1221, et seq. (Count I); the Maryland Dealers' Act (MDA), see Md. Code Ann., Transp. §§ 15-207 & 15-208 (Count II); and certain common-law duties (Counts III-VII).

Following protracted discovery by both parties, Chrysler filed two motions for summary judgment -- one based on the Dealers' failure to adduce any evidence of coercion, a necessary element of a claim under both the ADDCA and the MDA (Counts I-II), and the other based on the Dealers' failure to adduce any evidence that they ever ordered the specific vehicles they now claim were wrongfully withheld, a necessary element of malallocation (Counts I-VII). After extensive briefing and oral argument, the district court issued an order granting Chrysler's motions for summary judgment.

The Dealers appeal the district court's order, arguing that Chrysler's requirement that they accept hard-to-sell vehicles in order to receive fast-selling vehicles was sufficient to raise a genuine issue of material fact on the issue of coercion. The Dealers also argue that their evidence demonstrating that other Chrysler dealerships received more vehicles is such that a jury could rationally infer that Chrysler engaged in the malallocation of vehicles.

We have reviewed the record, briefs, and pertinent case law in this matter, and we have had the benefit of oral argument. Our review persuades us that the rulings of the district court were correct. Accordingly, we affirm on the reasoning set forth in the district court's thorough opinion. See Colonial Dodge, Inc., v. Chrysler Corp., C.A. No. CCB-95-562 (D. Md. Dec. 12, 1996).

AFFIRMED

3